UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAUL AVILA

VS.                                                                NO. 3:02CV00851(WWE)

ROBIN KROOGMAN, ET AL.                              JANUARY 23, 2006

## DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT

1.    On May 9, 2002, plaintiff Raul Avila was a member of the Board of Alderman of the City of New Haven.  (Paragraph 3 of plaintiff's Complaint dated May 14, 2002, hereinafter referred to as "Compl.")

2.    On May 9, 2002, defendant Robin Kroogman was a member of the Board of Alderman of the City of New Haven and was Chairperson of the Board's Community Development Committee.  (Paragraph 4 of Compl.; see also page 1 of the transcription of tape recordings of May 9, 2002 Community Development Committee public meeting, hereinafter referred to as "Mtg. Tr.") [Defendant Robin Kroogman is now deceased and her estate has been substituted as a party defendant.  However, for the sake of clarity, this party will be referred to as defendant Robin Kroogman.]

3.    On May 9, 2002, defendants Joseph Witkowski and Michael Illingworth were employed by the New Haven Department of Police Service, defendant Witkowski having the rank of sergeant, with defendant Illingworth being a patrol officer.  (Affidavit of Joseph Witkowski, dated January 20, 2006, hereinafter referred to as "Witkowski Aff.", and the Affidavit of Michael Illingworth, dated January 20, 2006, hereinafter referred to as "Illingworth Aff."; and paragraph 4 of Compl.)

4. On the evening of May 9, 2002, a public meeting of the New Haven's Board of Aldermen's Community Development Committee was held in the Aldermanic Chambers of the City Hall of the City of New Haven. (Paragraph 7 of Compl.; Witkowski Aff. and Illingworth Aff.)

5. Defendant Robin Kroogman, as Chairperson of the Community Development Committee, presided over this public meeting. (Paragraph 7 of Compl.)

6. Plaintiff Raul Avila was not a member of the New Haven Board of Aldermen's Community Development Committee, but he attended this meeting in his capacity as Alderman for the 16th Ward. (Paragraph 7 of Compl. and Mtg. Tr. at page 1.)

7. Even though plaintiff Raul Avila was not a member of the Community Development Committee, he was invited by defendant Robin Kroogman to sit with members of the committee during the public meeting because he was a member of the Board of Alderman. (Paragraph 7 of Compl.)

8. Defendants Joseph Witkowski and Michael Illingworth were on administrative assignment, in uniform, at the public meeting of the Community Development Committee held on May 9, 2002, and a police presence had been requested in the event the meeting became contentious. (Paragraph 9 of Compl.; and Witkowski Aff. and Illingworth Aff.)

9. During the early stages of the May 9, 2002 Community Development Committee public meeting a verbal dispute took place between plaintiff Raul Avila and defendant Robin Kroogman. (Witkowski Aff.; Illingworth Aff., and paragraphs 13 through 16 of Compl.)

10. The verbal dispute between plaintiff Raul Avila and defendant Robin Kroogman came about because of a request by defendant Kroogman to plaintiff Avila that he act as a translator, and the refusal by the plaintiff to act in such a capacity. (Mtg. Tr. at pages 7 through 9 and paragraphs 12 through 15 of Compl.)

11. Defendant Robin Kroogman asked plaintiff Raul Avila to leave the committee since he had chosen not to participate by refusing to translate, a position with which plaintiff Avila was not in agreement, so he refused to leave. (Mtg. Tr. Pages 7 through 9.)

12. Defendant Robin Kroogman requested that defendants Joseph Witkowski and Michael Illingworth remove plaintiff Raul Avila, who was seated at the front table, because he was out of order. (Witkowski Aff. and Illingworth Aff.)

13. Defendant Joseph Witkowski and defendant Michael Illingworth approached the table where plaintiff Raul Avila and other aldermen were seated, standing behind him while the verbal dispute between him and defendant Robin Kroogman was still ongoing. (Witkowski Aff. and Illingworth Aff.)

14. Defendant Joseph Witkowski twice asked plaintiff Raul Avila to leave the hearing, but the plaintiff continued to argue with defendant Robin Kroogman, not responding to what defendant Witkowski had said to him. (Witkowski Aff. and Illingworth Aff.)

15. Defendant Joseph Witkowski touched plaintiff Raul Avila on one of his shoulders to get his attention, and when he, the plaintiff, turned around, defendant Witkowski again asked him to leave the meeting. (Witkowski Aff. and Illingworth Aff.)

16. About this time defendant Robin Kroogman recessed the public meeting of the Community Development Committee. (Mtg. Tr. at page 9; Witkowski Aff. and Illingworth Aff.)

17. Plaintiff Raul Avila and defendant Robin Kroogman left the hearing room together, and, after four to five minutes had elapsed, they reappeared in the hearing room, apparently having resolved their issue. (Witkowski Aff. and Illingworth Aff.)

18. After this short break, the public meeting of the Community Development Committee reconvened. (Mtg. Tr. at page 9; Witkowski Aff. And Illingworth Aff.)

19. The resolution of the translator issue came about when one of defendant Robin Kroogman's constituents agreed to be the translator. (Mtg. Tr. at page 9.)

20. Plaintiff Raul Avila, after the reconvening of the Community Development Committee public meeting, did participate and take an active role in the matters being discussed. (Mtg. Tr. at pages 13, 31, 33, 37, 38 , 47-51.)

21. Defendant Joseph Witkowski and defendant Michael Illingworth returned to the back of the Aldermanic Chambers after the public meeting of the Community Development Committee reconvened. (Witkowski Aff. and Illingworth Aff.)

22. On May 9, 2002, plaintiff Raul Avila was not placed under arrest, taken into custody, restrained or detained by either defendant Joseph Witkowski or defendant Michael Illingworth. (Witkowski Aff. and Illingworth Aff.)

23. On May 9, 2002, the only physical contact that occurred between defendant Joseph Witkowski and plaintiff Raul Avila was when defendant Witkowski touched plaintiff Avila on one of his shoulders to get his attention. (Witkowski Aff. and Illingworth Aff.)

24. On May 9, 2002, defendant Michael Illingworth did not have physical contact with plaintiff Raul Avila. (Illingworth Aff. and Witkowski Aff.)

THE DEFENDANTS,

/s/_____
Michael A. Wolak, III
Assistant Corporation Counsel
Fed. Bar #ct12681
City of New Haven
165 Church Street
New Haven, CT  06510
Telephone:  (203) 946-7970
Facsimile:  (203) 946-7942
Mwolak@newhavenct.net
Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was either hand delivered, faxed and/or mailed, postage prepaid, on the January 23, 2006 to the following counsel of record:

Norman A. Pattis, Esq.
Norman A. Pattis, LLC
649 Amity Road
P.O. Box 280
Bethany, CT  06524
Fax #: (203) 393-9745

/s/_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D023\P003\00015848.DOC