UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAUL AVILA | : | CASE NO.: 3:02-cv-00851 (WWE) |
| | : | |
| VS. | : | |
| | : | |
| ROBIN KROOGMAN, ET AL | : | JANUARY 20, 2006 |

### AFFIDAVIT OF JOSEPH WITKOWSKI

I, Joseph Witkowski, being duly sworn, depose and say:

1. I am over the age of eighteen;

2. I believe in the obligation of an oath;

3. I have personal knowledge of the matters to which reference is made herein;

4. On Thursday, May 9, 2002, I was employed by the New Haven Department of Police Service as a police officer with the rank of sergeant.

5. On that date, I and Officer Michael Illingworth were given an administrative assignment at a public hearing being held in the Aldermanic Chambers of the New Haven City Hall located at 165 Church Street, New Haven, Connecticut.

6. Officer Illingworth and myself, both of us being in uniform, arrived at the Aldermanic Chambers at approximately 5:45 p.m.

7. Prior to entering the hearing room, Officer Illingworth and myself were spoken to by Lieutenant Chris Kelly who informed us of the nature of the issue to be

discussed at this hearing, and that a police presence had been requested in the event the meeting became contentious.

8. After this discussion, Officer Illingworth and myself entered the hearing room, remaining the in the back, keeping an unobtrusive presence.

9. As Officer Illingworth and myself were standing in the back of the hearing room, we spoke to an individual, unknown to us, who stated that he had some function with the Board of Aldermen, and he reiterated the circumstances that Lieutenant Kelly had previously outlined to us.

10. Officer Illingworth and I remained in the back of the hearing room until a dispute arose at the table in the front of the hearing room where aldermen were sitting.

11. Alderwoman Robin Kroogman, the chair of the committee, requested that I and Officer Illingworth remove an alderman, Raul Avila, who was seated at the front table, because he was out of order.

12. Officer Illingworth and I went to the front of the room and approached the table where Alderman Avila and other aldermen were seated.

13. As I was standing behind Alderman Avila, who was still seated, the verbal dispute was still ongoing between Alderman Avila and Alderwoman Kroogman.

14. I twice asked Alderman Avila to please leave the hearing with Officer Illingworth and myself, but he continued to argue with Alderwoman Kroogman, not responding to what I had said.

15. To get Alderman Avila's attention, I touched him on his shoulder, which one I do not recall, and when he turned around I again asked him to leave the meeting. Alderman Avila remained seated and I do not recall him saying anything to me.

16. At this point, Alderwoman Kroogman recessed the hearing and she and Alderman Avila left the hearing room together, and, after four to five minutes had elapsed they returned, apparently having resolved their issue.

17. The hearing resumed, and I and Officer Illingworth returned to the back of the hearing room.

18. Alderman Avila, the plaintiff, was never placed under arrest, taken into custody, restrained or detained by either myself or Officer Illingworth.

19. The only physical contact that took place between me and Alderman Avila, was when I touched his shoulder to get his attention. Officer Illingworth did not have any physical contact with Alderman Avila.

_____
Joseph Witkowski

Subscribed and sworn to before me this ____ day of January, 2006.

_____
Notary Public
Commissioner of the Superior Court