UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAUL AVILA | : | CASE NO.:  3:02-cv-00851 (WWE) |
| | : | |
| VS. | : | |
| | : | |
| ROBIN KROOGMAN, ET AL | : | JANUARY 20, 2006 |

## AFFIDAVIT OF MICHAEL ILLINGWORTH

I, Michael Illingworth, being duly sworn, depose and say:

1. I am over the age of eighteen;

2. I believe in the obligation of an oath;

3. I have personal knowledge of the matters to which reference is made herein;

4. On Thursday, May 9, 2002, I was employed by the New Haven Department of Police Service as a police officer.

5. On that date, I and Sergeant Witkowski were given an administrative assignment at a public hearing held in the Aldermanic Chambers of the New Haven City Hall located at 165 Church Street, New Haven, Connecticut.

6. Sergeant Witkowski and myself, both of us being in uniform, arrived at the Aldermanic Chambers at approximately 5:45 p.m.

7. Before entering the hearing room, Sergeant Witkowski and I were spoken to by Lieutenant Chris Kelly who informed us of the nature of the issue to be discussed

at this hearing, and that a police presence had been requested in the event the meeting became contentious.

8. After this discussion, Sergeant Witkowski and I then entered the hearing room, remaining the in the back, keeping an unobtrusive presence.

9. As Sergeant Witkowski and I were standing in the back of the hearing room, we spoke to an individual, unknown to us, who stated that he had some function with the Board of Aldermen, and he reiterated the circumstances that Lieutenant Kelly had previously outlined to us.

10. Sergeant Witkowski and I remained in the back of the hearing room until a dispute arose at the table in the front of the hearing room where aldermen were sitting.

11. Alderwoman Robin Kroogman, the chair of the committee, requested that Sergeant Witkowski and I remove an alderman, Raul Avila, who was seated at the front table, because he was out of order.

12. Sergeant Witkowski and I went to the front of the room and approached the table where Alderman Avila and other aldermen were seated.

13. As we were standing behind Alderman Avila, who was still seated, the verbal dispute was still ongoing between Alderman Avila and Alderwoman Kroogman, the chair of the committee.

14. Sergeant Witkowski asked Alderman Avila twice to please leave the hearing with him and myself, but he continued to argue with Alderwoman Kroogman, not responding to what Sergeant Witkowski was saying to him.

15. Sergeant Witkowski, to get Alderman Avila's attention, touched Alderman Avila on his shoulder, and when he turned around, Sergeant Witkowski again asked him to leave the meeting. Alderman Avila remained seated and I do not recall him saying anything to Sergeant Witkowski or myself.

16. At this point, Alderwoman Kroogman recessed the hearing and she and Alderman Avila left the hearing room together, and after four to five minutes had elapsed, they returned, apparently having resolved their issue.

17. The hearing resumed and I and Sergeant Witkowski returned to the back of the hearing room.

18. Alderman Avila, the plaintiff, was never placed under arrest, taken into custody, restrained or detained by either myself or Sergeant Witkowski.

19. The only physical contact that occurred took place when Sergeant Witkowski touched Alderman Avila on his shoulder to get his attention. I did not have any physical contact with Alderman Avila.

_____
Michael Illingworth

Subscribed and sworn to before me this       day of January, 2006.

_____
Notary Public
Commissioner of the Superior Court

J:\CYCOM32\WPDOCS\D019\P003\00015815.DOC