```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
RAUL AVILA,                       :    No. 3-02cv851(WWE)
       Plaintiff,                 :
v.                                :
ESTATE OF ROBIN KROOGMAN¹,        :
JOSEPH WITKOWSKI and MICHAEL      :
ILLINGWORTH,                      :
    Defendants.                   :
                                  :
```

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In his complaint, plaintiff Raul Avila, a member of the City of New Haven Board of Alderman, alleges pursuant to 42 U.S.C. § 1983 violations of his First, Fourth and Fourteenth Amendment rights against Robin Kroogman, a member of the City of New Haven Board of Alderman, and Joseph Witkowski and Michael Illingworth, two City of New Haven Police Officers.[2] Plaintiff's complaint also states state law claims of intentional infliction of emotional distress, assault and battery.

Defendants have filed a motion for summary judgment on the complaint in its entirety. In his opposition to the motion for summary judgment, plaintiff clarifies that he pursues only his claims of violation of his First Amendment right to free speech and intentional infliction of emotional distress against Kroogman, and violation of his Fourth Amendment right to be free from unreasonable seizure against Illingworth and Witkowski.

---

[1] The Court refers to this defendant as Robin Kroogman.

[2] According to the complaint, defendants are sued only in their individual capacities.

For the following reasons, the motion for summary judgment will be granted.

## BACKGROUND

The parties have submitted statements of facts supported by affidavits and exhibits. These submissions reveal the following undisputed facts.

During all relevant times to this action, plaintiff Raul Avila and defendant Robin Kroogman were both members of the Board of Alderman of the City of New Haven. Kroogman was also Chairperson of the Board's Community Development Committee. Defendants Illingworth and Witkowski served, respectively, as patrol officer and sergeant within the New Haven Department of Police Service.

On the evening of May 9, 2002, plaintiff attended a public meeting of the Community Development Committee concerning a land disposition agreement for certain parcels of land within New Haven. Kroogman presided over the meeting as Chairperson. Illingworth and Witkowski, both in uniform, were present on administrative assignment.

During the meeting, plaintiff asked a member of the public a question in Spanish and the individual responded in Spanish. Kroogman requested plaintiff to translate the question, but plaintiff refused, stating "You have a translator, and I'm not a member of this committee, Madam Chair." Kroogman repeated her request that plaintiff translate the question he had asked the

individual. He responded that he "was not a translator to this committee." According to the transcript of the meeting, somebody yelled out to plaintiff. The following exchange then took place:

| | |
|---|---|
| Alderwoman Kroogman: | I am going to ask as Chair that there be cordial behavior here. If you are not willing to participate . . . |
| Alderman Avila: | You cannot compel me to do something that I am not required to do, Madam Chair. I will be cordial. If you have a problem with people who speak Spanish and cannot speak English, I recommend that you either cancel those hearings until you can get a translator, or that you have one of your members translate as you have already commenced. |
| Alderwoman Kroogman: | Okay. I will tell you what I am going to do. I am going to ask you to leave this committee, right now. |

Plaintiff refused to leave, asserting that the "board of the rule of Alderman does not require me to leave this committee." Kroogman then asserted that she had the discretion to ask him to leave. Plaintiff expressed a desire to see the authority giving her such discretion. Kroogman then announced a break in the meeting:

> I am going to stop this meeting for a minute. We're going to take a break, and we're going to come back, and we're going to behave or the people. . .I'm not canceling this meeting. As much as some people would like this meeting canceled, I'm not canceling it. So, there are going to be people left in this room at the end of this break who are going to work together and behave. The rest of the people will be asked to leave. I have a police officer here to work that end. So, we're taking a break from it.

3

During this argument, Kroogman had requested Witkowski and Illingworth to remove plaintiff because he was out of order. They had proceeded from the back of the room and stood behind plaintiff while he argued with Kroogman during the meeting. After plaintiff had ignored Sergeant Witkowski's two verbal requests for him to leave, Witkowski touched plaintiff on the shoulder and made a third request for him to leave. Neither officer recalls that plaintiff responded to this third request. However, Kroogman announced the break in the meeting shortly after this third request.

After Kroogman recessed the meeting, plaintiff and Kroogman left the Aldermanic Chambers together. After four or five minutes, plaintiff and Kroogman returned and the meeting reconvened.

Shortly after the meeting recommenced, plaintiff reiterated his refusal to translate:

> Madam Chair, as a matter of course and as matter of practice throughout my tenure as an alderman, I refuse to translate, because I feel that this board and this city needs to provide those services. If it were my own committee, I would translate as my discretion sees it depending upon what the issue is. I did not try to in any way disrespect or dishonor your request. But I do not feel that it is appropriate for an alderman to be doing that translation.

Kroogman then announced that a constituent with some translation skills had agreed to translate when necessary. Plaintiff continued to participate in the meeting, taking an active role in matters under discussion.

4

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff asserts that Kroogman retaliated against him at the May 9, 2002 meeting because he had frequently taken positions opposed to that of Kroogman.

Defendants argue that summary judgment should enter because plaintiff cannot prevail on the merits of his First Amendment claim and because Robin Kroogman is protected by the doctrine of absolute legislative immunity. The Court agrees that Kroogman is entitled to absolute legislative immunity from § 1983 liability.

Absolute legislative immunity from § 1983 liability "attaches to all actions" of local legislators "taken in the sphere of legitimate legislative activity." Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998). The question of whether an act is legislative turn on the nature of the act but not the motive or intent of the official performing it. Harhay v. Town of Ellington Board of Education, 323 F.3d 206, 210 (2d Cir. 2003) (immunity depends on whether actions were legislative in function). Actions are legislative when "they are integral steps in the legislative process." Bogan, 523 U.S. at 55. "Investigations, whether by standing or special committees, are an established part of representative government." Tenney v. Brandhove, 341 U.S. 367, 371 (1951).

In this instance, defendant Kroogman was presiding over a public meeting of the Community Development Committee of the Board of Alderman of the City of New Haven, which was devoted to

discussion of a land disposition agreement for certain parcels of property within the city. A chairperson's acts to maintain the orderly and relevant public discussion during a legislative body's meeting furthers that body's investigation into public opinion of the meeting's subject matter. Thus, such acts are integral to the legislative process.

Here, plaintiff's argument with Kroogman was irrelevant to meeting's subject matter and a disruption to the flow of public opinion sought by the Community Development Committee. Kroogman acted to return the proceedings to an investigation of the public opinion on the relevant land disposition issues. Accordingly, Kroogman's conduct constitutes action taken in the sphere of legislative activity. Since Kroogman is entitled to absolute immunity from § 1983 liability for the conduct alleged in this case, the Court will grant summary judgment on the plaintiff's claims of First Amendment violation.

### Qualified Immunity

Defendants assert that summary judgment should enter because they are entitled to qualified immunity. Qualified immunity "looks to the reasonableness" of a police officer's belief that he acted lawfully after the officer is found to have been unreasonable in his or her conduct. Stephenson v. Doe, 332 F.3d 68, 80 n.15 (2d Cir. 2003). Thus, qualified immunity shields law enforcement officers from suits for damages under 42 U.S.C. §

1983, unless their actions violate clearly established rights of which an objectively reasonable person would have known. Saucier v. Katz, 533 U.S. 194, 202 (2001). Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 353, 341 (1986).

In the first stage of the qualified immunity analysis, the court must consider whether the facts, taken in a light most favorable to the plaintiff, could show a constitutional violation. Cowan v. Breen, 352 F.3d 756, 761 (2d Cir. 2003). If so, the court must determine whether the right in question was clearly established at the time the violation occurred. Saucier, 533 U.S. at 201.

In determining whether a right is clearly established, the court considers whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Poe v. Leonard, 282 F.3d 123, 132 (2d Cir. 2002). Thus, a qualified immunity defense is established where "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).

The doctrine of qualified immunity recognizes that "reasonable mistakes can made as to the legal constraints on

particular police conduct." <u>Saucier</u>, 533 U.S. at 205.  However, qualified immunity applies if the officer's mistake as to what the law requires is reasonable.  <u>Id.</u>  Qualified immunity does not apply if, on an objective basis, it is obvious that no reasonably competent officer would have taken the actions of the alleged violation.  <u>Malley</u>, 475 U.S. at 341.  Summary judgment on the basis of qualified immunity is appropriate when a trier of fact would find that reasonable officers could disagree about the legality of a defendant's conduct.  <u>Lennon v. Miller</u>, 66 F.3d 416, 420 (2d Cir. 1995).

The Court assumes for purposes of ruling on this motion that the alleged facts could show an unreasonable seizure in violation of the Fourth Amendment as a <u>de facto</u> arrest or less intrusive detention without the requisite justification.  See <u>Posr v. Doherty</u>, 944 F.2d 91, 97-98 (2d Cir. 1991).  However, in this instance, reasonably competent government actors could disagree as to 1) whether approaching plaintiff, standing behind him during the argument, tapping him on the shoulder and requesting him to leave constituted an unreasonable seizure as a <u>de facto</u> arrest or other detention; and 2) whether defendants' conduct was necessary or inappropriate in light of the on-going disruption to the public committee meeting or further disorderly conduct that could arise as a consequence of the verbal dispute.  With respect to the tap on the shoulder, the Court is mindful of the

admonition relating to excessive force claims that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1988).  Accordingly, the Court finds that the officers were reasonable in their belief at the time that their conduct did not violate the plaintiff's rights.  Qualified immunity applies and summary judgment in favor of defendants Illingworth and Witkowski is also appropriate.

<u>Intentional Infliction of Emotional Distress</u>

Plaintiff's claim of intentional infliction of emotional distress against Kroogman is based on state law.  Having dismissed all of the federal claims, the Court will not exercise supplemental jurisdiction over this remaining state law claim pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment [doc. # 40] is GRANTED.  The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(3) over plaintiff's claim of intentional infliction of emotion distress.  The clerk is instructed to enter judgment and to close this case.

SO ORDERED this 27th day of January, 2006.

```
        _____/s/_____
              Warren W. Eginton
              Senior United States District Judge
```