UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAUL AVILA

VS.                                                    NO. 3:02CV851(WWE)

ROBIN KROOGMAN,
JOSEPH WITKOWSKI and
MICHAEL ILLINGWORTH                    JANUARY 26, 2006

## MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT

At jury selection on January 17, 2006, the trial court pondered whether dispositive motions might resolve this case. The defendants have taken the invitation to so file absent any objection by the plaintiff. Herewith the plaintiff's response.

As a threshold maTTer the plaintiff abandons any claim of excessive force or assault and battery arising under state law. The plaintiff conceded that there are not sufficient facts to advance such claims. The claims the plaintiff is pursuing are a violation of his rights under the First Amendment as to Kroogman only and a violation of his right to be free from unreasonable seizure under the Fourth Amendment as to the two defendant police officers. The plaintiff also contends he was subjected to intentional infliction of emotional distress as to Kroogman only.

### I.   Legal Standard

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

1

matter of law.' Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir.

2

1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Appleton, supra; Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); Connell v. Colwell, 214 Conn. 242, 246-47 (1990). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source

3

from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), citing Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988). "[S]ummary judgment...is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995).

## II.  The First Amendment Claim

The plaintiff contends that he his rights to freedom of speech were violated. The plaintiff and defendant Kroogman were political adversaries, and the plaintiff had frequently spoken out on matters of public concern taking positions opposed to those of Kroogman. (Plaintiff's Statement of Facts, para. 1) He contends in this instance that Kroogman retaliated against him, in part, by ordering that the plaintiff be removed from the meeting. A First Amendment retaliation only requires that the defendant have as a substantial motivating factor in her acts an intent to retaliate against a person in order for a claim to lie. "Causation can be established either indirectly by means of circumstantial evidence, for example, by showing that the protected activity was followed by adverse treatment in employment." Russo v. City of Hartford, 34 F.2d 85, 99 (D.Conn. 2004).

In this case, the record is clear that there was no requirement that the plaintiff translate. Indeed, only moments before Kroogman required the plaintiff to translate, another alderman, Mr. Candeleria, had provided a translation. (Plaintiff's Statement of Facts, para. 3; see also Community Development Committee Transcript at p. 7, offered as a defendants' exhibit) There was no need for Avila to translate, and no need for Kroogman to press the issue to the point of requiring Mr. Avila to either translate or leave the meeting. If Kroogman were interested solely in translation, then a ready willing and able translator was seated only feet away. That Kroogman chose to force this issue at the expense of disruption of the meeting and expulsion of the plaintiff suggests an ulterior motive, in this case the desire and intent to humiliate a political opponent in a highly public forum. As the plaintiff need prove only that a desire to

retaliate for speech on issues of public concern was a motivating factor, and not the sole factor, the issue is simple: In the heated context of Aldermanic politics, it takes little imagination to infer that in this instance, Kroogman saw a tailor-made opportunity to do what occurs to political opponents to those in power all too often in other countries: have the police deal with what cannot be solved by debate.

Summary judgment should be denied as to Kroogman.

### III.  The Unreasonable Seizure Claim

The Fourth Amendment prohibits not only arrests without probable cause, by its very terms it prohibits unreasonable seizures. In this case, both police defendants were acting under color of law at the committee meeting. Both officers approached the plaintiff with the intent to ask him to leave the meeting, as they had been requested to do by Kroogman. One officer placed his hand on the plaintiff, if ever so briefly. At that moment, the plaintiff lost a subjective sense that he was free to leave. Indeed, any reasonable person in the plaintiff's shoes would not have believed he was free simply to walk away. See, Berkemer v. McCarty, 468 U.S. 420 (1984)(custody determined by whether a reasonable person would believe himself deprived of his liberty in a significant manner by the police). On the officers' version of facts, they had approached the plaintiff, who was seated, dressed in police uniforms. One officer placed his hand on the plaintiff and issued what a reasonable person would believe to be an order. At that moment, the plaintiff believed he was deprived of his freedom in a significant manner as the officer was, in effect, issuing an order. (Plaintiff's Statement of Facts, para. 2 ) Indeed, the officers stood directly behind the plaintiff. The plaintiff chose not to follow an order he regarded as unlawful, thus undoubtedly yielding a fear or immanent

6

arrest.

The Fourth Amendment protects citizens against *de facto* arrests as well as against those arrests resulting in criminal prosecution. Stevens v. Rose, 298 F.3d 880 (9th Cir. 2002); Edwards v. Cabrera, 861 F. Supp. 664, 670-71 (N.D.Ill. 1994). "In evaluating whether a police stop is in fact a seizure, the 'essential inquiry is whether the person stopped reasonably believed that he or she was not free to leave.' Morgan v. Woessner, 997 F.2d 1244, 1253 (9th Cir. 1993)....The inquiry is 'largely a factual one which depends on the totality of the circumstances.' Morgan, 997 F.2d at 1253. Desales v. Woo, 860 F. Supp. 1436, 1440 (N.D. Calif. 1994) (Patel, J.). The Fourth Amendment protects citizens against *de facto* arrests as well as against those arrests resulting in criminal prosecution. Stevens v. Rose, 298 F.3d 880 (9th Cir. 2002); Edwards v. Cabrera, 861 F. Supp. 664, 670-71 (N.D.Ill. 1994). "In evaluating whether a police stop is in fact a seizure, the 'essential inquiry is whether the person stopped reasonably believed that he or she was not free to leave.' Morgan v. Woessner, 997 F.2d 1244, 1253 (9th Cir. 1993)....The inquiry is 'largely a factual one which depends on the totality of the circumstances.' Morgan, 997 F.2d at 1253. Desales v. Woo, 860 F. Supp. 1436, 1440 (N.D. Calif. 1994) (Patel, J.). There is no evidence before this court that the plaintiff had in fact caused a public disturbance or committed a crime of any sort. He was present as a public meeting in his capacity as an alderman. Indeed, although not a member of the committee taking public comment, he was invited to sit at the committee table, a courtesy reserved for fellow aldermen. When he refused to perform a task as a translator, this pretext was seized upon to humiliate him in front of his constituents, a juicy form of political revenge undoubtedly seized upon by Kroogman

to even old political scores.

Police officers have an affirmative duty to prevent other law enforcement officers in their presence from violating the law. O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d. Cir., 1988). Thus, in the absence of any conceivable law enforcement justification for the constructive seizure of the plaintiff, both officers, who stood next to one another as the plaintiff was ordered to leave the meeting, are culpable.

## IV.    Intentional Infliction of Emotional Distress

The Connecticut Supreme Court has drawn a distinction between those events that are merely "distressing and hurtful to the plaintiff," and those which constitute intentional infliction of emotional distress. Appleton v. Board of Education, 254 Conn. 205, 211, 757 A.2d 1059 (2000). To prove a claim of intentional infliction of emotion distress, a plaintiff must prove four things: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Id., 210.

It cannot be said as a matter of law that defendant Kroogman did not set out to cause emotional distress in the plaintiff. The plaintiff had merely refused to translate, given the fact that there were others present who could do so, and that he did not feel it appropriate to serve two roles at the meeting, that of alderman and that of translator. (Plaintiff's Statement of Facts, para. 4). Rather than ask someone else to translate, Kroogman set out to show the plaintiff who was boss, and to order him to perform an unnecessary task. When the plaintiff refused, Kroogman ordered him expelled from the

meeting in the presence of his constituents. (Plaintiff's Material Facts, para. 5.) The plaintiff found this humiliating, and it played a role in his decision not to remain in public life. (Plaintiff's Material Facts, para. 6)

It cannot be said that Kroogman's primary objective was translation. A finder of fact in this case can easily conclude that her motive was to cause distress to the plaintiff. Ordering an adversary expelled from a public meeting by the police is the sort of extreme and outrageous behavior over which wars are fought. Our First Amendment guarantees the right to petition for redress of grievances by unelected officials. By what authority does an elected official order another so-elected official removed by force of arms from a meeting? Kroogman's order caused the officers to act. Finally, the plaintiff was devastated by these acts.

## V.    Conclusion

For all of the reasons set forth below the plaintiff requests that this court not be dismissed by way of summary judgment.

THE PLAINTIFF

By_____
NORMAN A. PATTIS
649 Amity Road
Bethany, CT 06524
203.393.3017
203.393.9745 (fax)
ct 13120

## CERTIFICATION

The foregoing was mailed this 26th day of January 2006 to Michael Whelan, 165 Church St., New Haven, CT 06510.

_____
NORMAN A. PATTIS